IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT E. RAYNOVICH, EP-8944, )
    Petitioner, )
     )
    v. ) 2:13-cv-234
     )
STATE OF PENNSYLVANIA DEPT. )
OF CORRECTIONS, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.,

    Robert E. Raynovich, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

    Raynovich is presently serving a twenty nine to sixty two year sentence imposed following his conviction, by the court at Nos. 200004857-4859-4603-4605-4849-4852 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on April 20, 2001.[1]

    However, this is not Raynovich's first challenge to this sentence. He previously filed a challenge in this Court which was docketed at 2:09-cv-758 where we addressed his challenges to these same convictions and on June 30, 2009, concluded that he had failed to exhaust the available state court remedies on the issues raised and that in addition, his petition was untimely. No appeal was pursued. The present petition alleging ineffective assistance of trial counsel does not set forth any demonstration that it is timely.[2]

    The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus

---

[1] See: Petition at ¶¶ 1-7.
[2] In the petition filed at 2:09-cv-758 petitioner contended "the petitioner asks that the Court grant the following relief: to have my sentences ran concurrent and all documents, doctors reports, discover, transcripts of all trails and proceedings and D.N.A. reports so I may work on my own case. (sic.)"

1

reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 12th day of March, 2013, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

                                                  s/ Robert C. Mitchell,
                                                  United States Magistrate Judge